UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELTON THOMAS,

Plaintiff,

v.

Case No. 26-cv-1774-bhl

MILWAUKEE TRANSIT, RISK MANAGEMENT,
And MCTS,

Defendants.

## SCREENING ORDER

On September 28, 2026, Plaintiff Elton Thomas, proceeding without an attorney, filed a complaint against Milwaukee Transit, Milwaukee County Transit System (MCTS), and "Risk Management" related to a September 9, 2025 accident that occurred while Thomas was a passenger on an MCTS bus. (ECF No. 1.) Thomas is currently incarcerated at the Milwaukee County Community Reintegration Center, (*id.* at 1), and seeks leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Thomas's IFP motion and the screening of his complaint. Because there is no basis for federal subject matter jurisdiction, the Court will dismiss Thomas's complaint. The Court will therefore also deny Thomas's IFP motion as moot.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Thomas's complaint is very brief. He alleges that around 9:30 or 10:00 a.m. on September 20, 2026, he was on an MCTS bus. (ECF No. 1 at 2.) The bus driver ran a red light and had an accident near 60th and Bradley. (*Id.*) He went to St. Joseph's hospital, was seen by a doctor, and his leg and back have been in pain following the accident. (*Id.*) He also asserts he suffered "trauma to the brain" and wakes up screaming in shock. (*Id.*) He requests that the Court offer him $100,000 for his pain and suffering, and one million dollars in "lifetime compensation." (*Id.* at 4.)

## ANALYSIS

Thomas does not indicate what claim or claims he intends to bring against Defendants and has indicated on the Court's form that he is suing both for a violation of federal law and under state law. (*Id.* at 4.) The only plausible claim arising from Thomas's allegations is a common law claim for negligence. (ECF No. 1 at 2–3.) This claim arises under state, not federal, law. *Faxel v. Wilderness Hotel & Resort, Inc.*, 113 F.4th 711, 715–16 (7th Cir. 2024); *Bennett v. Clark*, No. 19-cv-269-pp, 2019 WL 6133700, at *2 (E.D. Wis. Nov. 19, 2019). Accordingly, Thomas's complaint does not implicate any federal claims and this Court would have jurisdiction only under its diversity jurisdiction. 28 U.S.C. §§1332. A district court has diversity jurisdiction only when the matter in controversy exceeds $75,000, and the plaintiff (or plaintiffs) and defendant (or defendants) have complete diversity of citizenship. 28 U.S.C §1332(a). That means that the plaintiff and the defendant (or defendants) cannot be citizens of the same state.

Here, Thomas alleges that he is a citizen of Wisconsin. (ECF No. 1 at 1.) He does not identify "Milwaukee Transit's" citizenship. But MCTS's website identifies that it is operated by Milwaukee Transport Services, Inc., a "quasi-governmental instrumentality of Milwaukee County

. . . responsible for the management and operation of the transit system." https://www.ridemcts.com/who-we-are (last visited October 20, 2026). MCTS, and by extension, the other defendants, which appear to be an alternate name for MCTS and its risk management department, are all also citizens of Wisconsin. Because Thomas alleges no basis for federal jurisdiction, his complaint fails to state a claim upon which relief may be granted, and the Court must dismiss his complaint.

The Seventh Circuit has instructed that a *pro se* plaintiff be afforded the opportunity to amend his complaint, unless amendment would be futile. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Because there is no way for Thomas to cure this lack of federal subject matter jurisdiction, the Court will dismiss his complaint without prejudice, and without leave to file an amended complaint. Because his complaint is dismissed without leave to amend, the Court will deny his motion to proceed IFP as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED without prejudice** for lack of jurisdiction. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that, under 28 U.S.C. §1915(b)(1), Thomas must pay the $350 statutory filing fee. Accordingly, the agency having custody of Thomas shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Thomas's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Thomas is transferred to another institution, the transferring institution shall forward a copy of this Order along with Thomas's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Thomas is confined.

Dated at Milwaukee, Wisconsin on October 20, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge